UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAUL M. KAUFMAN and KIMBERLY STEIGH, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 1707 |
| v. | ) ) | Judge Joan B. Gottschall |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. | ) ) ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is the motion to compel of Intervenor Plaintiffs Goodman and Santsche (the "Goodman Intervenors"). For the reasons stated below, the motion is granted.

## I. BACKGROUND

On August 19, 2010, the court stated that the available record did not enable it to determine: (1) whether class members could be identified through reasonable effort, such that individual notice of the settlement was required per Rule 23(c)(2)(B), and (2) whether the court should sanction American Express Travel Related Services, Inc. ("American Express") for the deletion of customer-identifying information. (Op. 9-10, ECF No. 205. (hereinafter, "Op.")) The court identified several problems with the available record, including that it "does not clearly identify what customer-identifying information is recoverable, or at what cost," (Op. 10), American Express "puts forth no evidence of what effort . . . would be required to retrieve the data," (Op. 8), and the parties "do not appear to have subjected [affidavit averments regarding how American Express stores and retains customer-identifying information] to any meaningful discovery," (Op. 10). In addition, the court stated, "The amount and location of customer-

identifying information might be better revealed through limited discovery, such as a deposition of a representative of American Express." (Op. 10.)

Given this, on September 22, 2010, the Goodman Intervenors served American Express with a deposition notice and four document requests. (*See* Mot. to Compel Exs. A & B, ECF Nos. 210-1 & 210-2.) The deposition notice sought the deposition of American Express, "by a corporate designee with knowledge of issues related to Defendants' retention and destruction of documents which contain identifying data for purchasers and/or users of American Express Gift Cards." (Mot. to Compel Ex. B, ECF No. 210-2.) The document requests referred to "the period from January 1, 2000 through the trial date of this action" and sought:

1. All documents relating to [American Express'] policies for retaining records of Gift Card transactions, including purchases thereof.
2. All documents relating to [American Express'] policies for retaining data which identifies Gift Card purchasers and/or users.
3. All documents relating to the destruction of data which identifies Gift Card purchasers and/or users.
4. All communications between or among [American Express] personnel and/or legal counsel with respect to the preservation and/or destruction of data which identifies Gift Card purchasers and/or users.

(Mot. to Compel Ex. A, ECF No. 210-1.)

American Express responded to the Goodman Intervenors' deposition notice by objecting to it on the grounds that it and its counsel were unavailable on the proposed date, the deposition topic was vague, ambiguous, overbroad, unduly burdensome, harassing, argumentative, not limited to a time period relevant to the events at issue, assumed matters in dispute, sought testimony on confidential, proprietary business information, and sought testimony protected by attorney client privilege and/or the attorney work product doctrine. (*See* Mot. to Compel Ex. C, ECF No. 210-3.) Nevertheless, American Express agreed to make its representative, Chris Seibert, available for deposition. (Joint Status Conference Statement at 2, ECF No. 223.) On

October 15, 2010, American Express provided the parties with Seibert's affidavit. (Joint Status Conference Statement at 2, ECF No. 223.) On November 17, 2010, counsel for the plaintiffs and Intervenor Plaintiffs Kambiz Kazemi and Katayoun Kazemi deposed Seibert. (Pls.' Resp. to Supplemental Status Report and Decl. of Richard D. Greenfield at 2, ECF No. 232.) The Goodman Intervenors chose not to attend, presumably because they did not want to take Seibert's deposition on what they viewed as "a scanty record and a partially informative [affidavit] that contradicts earlier statements made by [American Express], its counsel, and plaintiffs' counsel" and because, in their view, "Seibert appears to be only peripherally involved, if at all, with the efforts (or lack thereof) . . . to retain Class member identifying data." (Supplemental Decl. of Richard D. Greenfield at 5, ECF No. 225.)

American Express responded to the Goodman Intervenors' document requests by objecting that those requests were, *inter alia*, overbroad, burdensome, harassing, not limited to the relevant time period or the events at issue, sought documents protected by attorney client privilege and/or the attorney work product doctrine, and sought confidential proprietary documents. (*See* Mot. to Compel Ex. D, ECF No. 210-4.) Notably, despite asserting that documents were protected by attorney client privilege and the attorney work product doctrine, American Express did not submit a privilege log.

After an unsatisfactory meet and confer, the Goodman Intervenors filed a motion to compel American Express to respond to their document requests and to overrule American Express' objections to their deposition notice. (*See* Mot. to Compel, ECF No. 209.) Even after American Express represented to the court at a November 3, 2010 status hearing that it would inform the Goodman Intervenors what additional documents it would produce in response to their document requests, American Express merely sent along amended responses to the first

three document requests that instructed the Goodman Intervenors to look to the Seibert affidavit and deposition in full satisfaction of those requests. (*See* Supplemental Status Report and Brief in Supp. of Mot. to Compel Ex. B, ECF No. 225-2.) American Express also produced a few documents, at least one of which was redacted. (Supplemental Decl. of Richard D. Greenfield at 1, ECF No. 225.)

American Express does not contend that it has produced all documents that are responsive to the Goodman Intervenors' requests. Rather, American Express argues that the Seibert affidavit and deposition develop the record enough to allow the court to determine whether individual notice is required and that American Express did not spoil evidence (Resp. of American Express to Supplemental Brief in Supp. of Mot. to Compel at 5-6, ECF No. 230.)

## II. ANALYSIS

American Express misconceives its obligations under Federal Rule of Civil Procedure 34. It is not for American Express to unilaterally determine how much discovery is sufficient. Rather, the Goodman intervenors are entitled to propound discovery and, barring valid objections, American Express must respond. American Express, however, has not preserved any of its objections because it did not raise them in its response to the Goodman Intervenors' motion to compel. Thus, its objections are waived. *See Whitlow v. Martin*, 259 F.R.D. 349, 353 n.2 (C.D. Ill. 2009) ("To the extent Coonen attempted to raise attorney-client privilege, she has abandoned that issue by failing to raise it in response to the Renewed Motion to Compel.") Despite this shortcoming, for the sake of completeness, the court will address each of American Express' objections.

"'[T]he party objecting to . . . discovery bears the burden of showing why discovery should not be permitted.'" *Alexander v. F.B.I.*, 194 F.R.D. 299, 302 (D.D.C. 2000) (*quoting*

*Alexander v. FBI*, 193 F.R.D. 1, 2-3 (D.D.C. 2000) (internal citations omitted)). In every instance, American Express fails to carry this burden.

As an initial matter, the court finds that the discovery propounded by the Goodman Intervenors is both relevant and narrowly tailored to the purpose of developing the record in areas in which the court found the record wanting. Thus, American Express' objections that the discovery is overbroad, vague, and/or ambiguous do not have merit. Additionally, the court does not see anything harassing about any of the discovery requests. Moreover, given American Express' prior representations to the court and Seibert's admission in his affidavit that some email addresses cannot be retrieved, (Decl. of Chris Seibert at 1-2, ECF No. 223 Ex. A at 1), the Goodman Intervenors' discovery requests – including the portions that refer to the destruction of customer identifying information – are not argumentative and do not assume matters in dispute. Thus, the foregoing objections are also overruled.

American Express also objected that the Goodman Intervenors' discovery was not appropriately limited in time, but has failed to explain why it is insufficient to limit the discovery – as the Goodman Intervenors have – to the time period from January 1, 2000 to the time of trial. Thus, this argument is waived and those objections are overruled. *See United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991), and noting, "We have repeatedly warned that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .'")

American Express further objected to the Goodman Intervenors' deposition notice and document requests on the grounds that they were unduly burdensome. Since American Express is the party that has objected, it is American Express' burden to show that the Goodman Intervenors' discovery is unduly burdensome. *See In re Sulfuric Acid Antitrust Litigation*, 231

F.R.D. 351, 360 (N.D. Ill. 2005) (noting, "The question is whether the burden is an undue one. As the objectors, the Noranda defendants must demonstrate that it is.") (*citing Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, *1 (N.D. Ill. April 28, 2005), *and Semien v. Life Ins. Co. of N. America*, No. 03 C 4795, 2004 WL 1151608, *1 (N.D. Ill. April 21, 2004)). "In order to demonstrate undue burden, the [objecting party] must provide affirmative proof in the form of affidavits or record evidence." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 360 (*citing Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997); *Zapata v. IBP, Inc.*, Civ. A. No. 93-2366-EEO, 1994 WL 649322, at *3 (D. Kan. Nov. 10, 1994)). American Express does not proffer any such proof. As a result, American Express has not met its burden of showing that responding to the Goodman Intervenors' discovery is unduly burdensome. Therefore, this objection is overruled.

American Express also lodged an objection that the Goodman Intervenors' discovery requests call for confidential proprietary information. However, as American Express points out, the Goodman Intervenors have "agreed to be bound by the protective order entered by this [c]ourt." (Resp. of American Express to Supplemental Brief in Supp. of Mot. to Compel at 1 n.1, ECF No. 230.) Since the protective order provides sufficient protection for such information, this objection is overruled.

American Express also lodges several general objections that purportedly apply to all of the Goodman Intervenors' document requests. However, "[a]s courts have repeatedly pointed out, blanket objections are patently improper." *Ritacca v. Abbott Laboratories*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) (treating such objections as though they were never made) (*citing Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. Civ.A.97-2391-GTV, 1998 WL

231135, at *1 (D. Kan. May 6, 1998) (finding general objections "worthless"); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305-06 (S.D.N.Y. 1982) (same)); *EEOC v. Safeway Store, Inc.*, No. C-00-3155 THE (EMC), 2002 U.S. Dist. LEXIS 25200, at *4 (N.D. Ill. Sept. 16, 2002) ("Where, as here, the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.'") (*quoting Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *see also United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) ("The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'") (*citing United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). As a result, American Express' general objections are overruled.

In addition, Rule 26(b)(5)(A) requires a party that withholds documents on the grounds that they are attorney work product or are protected by attorney client privilege to submit a privilege log that describes the nature of the withheld documents in a way "that, without revealing any information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006) ("An attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld."); *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992) ("For *each* document, the log should identify the date, the author and *all* recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery."). Rule 34(b) requires this privilege log to be served within 30 days of receipt of the document requests that seek privileged information. Fed. R. Civ. P. 34(b). "Failure to follow these rules may result in waiver of the privilege." *Ritacca*,

203 F.R.D. at 335 (*citing Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Applied Sys., Inc. v. N. Ins. Co. of N.Y.*, No. 97 C 1565, 1997 WL 639235, at *2-3 (N.D. Ill. Oct. 7, 1997); *Smith v. Conway Org.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2016.1, at 228-29 (2d ed. 1994)); *see also Babych v. Psychiatric Solutions, Inc.*, No. 09 C 8000, 2010 WL 5128355, at *3 (N.D. Ill. Dec. 15, 2010) ("[A] timely and adequate privilege log is required by the federal rules[.] [F]ailure to serve an adequate privilege log may result in a waiver of any protection from discovery.")

> Judge Ashman explained this issue in *Ritacca*:
>
> Although [waiver] is not mandated by the Rules, the Advisory Committee contemplated the sanction. "To withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege . . . ." Fed.R.Civ.P. 26(b)(5) advisory committee's note (1993).
>
> Acknowledging the harshness of a waiver sanction, courts have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. *See First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361-63 (D. Kan. 1995) (collecting cases). In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver. *See Marx*, 929 F.2d at 12; *Applied Sys., Inc.*, 1997 WL 639235, at *2-3. In the end, the determination of waiver must be made on a case-by-case basis.

203 F.R.D. at 335.

Here, the Goodman Intervenors served American Express with document requests on September 22, 2010. On October 11, 2010, American Express claimed that the documents requested were protected by attorney work product doctrine and/or attorney client privilege. Nearly three months have passed, yet American Express still has not served the Goodman Intervenors with a privilege log. American Express' failure is even more egregious when one

8

considers that the Goodman Intervenors' pointed out American Express' omission in the motion to compel they filed on October 27, 2010 and continued to point out the lack of a privilege log in subsequent filings. Like the plaintiff in *Ritacca*, the Goodman Intervenors have aggressively pursued American Express for the documents since they propounded discovery in September – including by filing this motion to compel, holding two meet and confers, and arguing the point at court appearances. *See Ritacca*, 203 F.R.D. at 335 (noting that Ritacca's aggressive pursuit of responsive documents "led to a Motion to Compel and several court appearances, not to mention numerous meetings and telephone conferences out of court."). Given this, this court finds that American Express has committed unjustified delay in responding to discovery. Because American Express has failed to serve the Goodman Intervenors with a privilege log that would enable the Goodman Intervenors to test American Express' claims of privilege, American Express has waived any protection from the Goodman Intervenors' document requests on grounds of attorney client privilege or work product doctrine. *See Hobley*, 433 F.3d at 951 ("Withholding documents without a proper notice of privilege is, to be sure, a violation of the Federal Rules.")

### III. CONCLUSION

Given all of the above, the Goodman Intervenors' motion to compel is granted. In addition, the court finds that American Express' resistance to the Goodman intervenors' discovery was not substantially justified and that an award of attorney's fees would not be otherwise unjust. *See Pierce v. Underwood*, (Resistance to discovery is substantially justified "if there is a 'genuine dispute' or 'if reasonable people could differ as to [the appropriateness of the contested action].') (internal citations omitted); *see also Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994) ("'The great operative principle of [the predecessor to Rule

9

37(a)(5)] is that the loser pays.'" "The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'") (*quoting* Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970)).

Accordingly, American Express, its attorneys, or both are hereby ordered to pay the Goodman Intervenors' attorney's fees incurred in bringing this motion. The Goodman Intervenors shall file a fee petition setting forth the amount of reasonable attorney's fees and other expenses incurred in bringing this motion by February 7, 2011. If American Express wishes to file a response, it may do so by February 21, 2011. If the Goodman Intervenors wish to file a reply to American Express' response, they may do so by February 28, 2011.

ENTER:

                                                           /s/
                                           JOAN B. GOTTSCHALL
                                           United States District Judge

DATED: January 14, 2011